IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE EFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 00-BU-2612-S |
| ) | |
| WARDEN STEVE DEES ) | |
| and BILL PRYOR, ATTORNEY ) | |
| GENERAL FOR THE STATE OF ) | |
| ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The petitioner, Ronald Dewayne Eford, filed a petition for writ of habeas corpus with this court on September 15, 2000. He challenges the validity of his 1996 conviction on the charge of first degree robbery received in the Circuit Court of Jefferson County, Alabama. Upon consideration of the same, the court finds that the petition is due to be denied.

### I. PROCEDURAL HISTORY

The petitioner was indicted on November 4, 1994, by a Jefferson County Grand Jury on the charge of first degree robbery in violation of Section 13A-8-41 of the Alabama Criminal Code. (Doc. 5, Ex. 1, pp. 10-11).[1] The petitioner was convicted following a jury trial. (*Id.*, Tr. at 111).[2] Because the defendant was a habitual offender, he was sentenced to life imprisonment without the possibility of parole.

The petitioner filed a timely notice of appeal. He asserted that the trial court erred in

---

[1] References herein to "Doc. __, Ex. __, p. __" are to the document number assigned by the Clerk of the Court, the exhibit number, and the applicable page.

[2] References herein to "Tr. ___" are to the trial transcript.



refusing to charge the jury on second degree robbery as a lesser included offense. (Doc. 5, Ex. 4). The convictions were affirmed by the Alabama Court of Criminal Appeals in a written opinion on October 17, 1997. (*Id.*). His petition for a writ of certiorari was denied on May 15, 1998. *Ex parte Eford*, 733 So. 2d 493 (Ala. 1998) (Table).

The petitioner filed a post-conviction petition pursuant to Rule 32 of the ALABAMA RULES OF CRIMINAL PROCEDURE on August 3, 1999. He alleged (1) that the court was without jurisdiction to sentence him as a habitual offender because the State did not adequately prove his out-of-state convictions and (2) he was denied effective assistance of counsel. (Doc. 5, Ex. 5, p. 21). With regard to the second claim, he asserts (1) counsel failed to object to the jury being sworn prior to voir dire examination, (2) counsel erred in failing to request an instruction to the jury on intoxication, and (3) counsel failed to object to the documents used to enhance his sentence. (*Id.*, pp. 22-24). The trial court denied the petition, finding that the jury claim was precluded by Alabama Rule of Criminal Procedure 32.2(a) and that counsel was not ineffective under the standard "as set forth by *Strickland v. Washington*, 466 U.S. 668." (*Id.*, p. 1).

The petitioner filed a timely notice of appeal. The Alabama Court of Criminal Appeals specifically rejected each of the petitioner's claims. (Doc. 5, Ex. 6). The Alabama Supreme Court denied his petition for a writ of certiorari on August 18, 2000. (Doc. 5, ¶ 7).

The petitioner filed the present petition alleging that (1) he was denied due process when the trial court failed to instruct the jury on second degree robbery, (2) the trial court was without jurisdiction to render judgment because the state failed to prove his prior convictions were felonies, and (3) he was denied effective assistance of counsel. (Doc. 1, p. 5). The allegations advanced in the Rule 32 proceedings in support of the claim of ineffective assistance are again

advanced in support of the present petition. (Doc. 1). This court entered an order requiring the respondents to appear and show cause why the requested relief should not be granted. An answer was filed wherein the respondents assert that claims regarding the proof advanced to show the prior convictions and the claim that the trial judge failed to instruct the jury on intoxication are matters of state law not reviewable by this court. (Doc. 5, p. 3). To the extent the claims are, or could be asserted as due process violations, the respondents assert that they would be procedurally barred because they were not presented in state court. They further assert that the first claim, regarding a failure to instruct on second degree robbery, is not a constitutional claim because this case does not involve the death penalty. (*Id.* at 4). Finally, they assert that the second degree robbery instruction claim and the claim regarding counsel's performance are due to be denied in that the petitioner cannot show that the state court decisions are contrary to or are an unreasonable application of Supreme Court precedent. (*Id.*). *See* 28 U.S.C. § 2254(d). The petitioner filed a traverse disputing the respondents' assertions that the petition is due to be denied. (Doc. 7).

## II. DISCUSSION

### A. Procedural Default

A federal court's authority to review state court criminal convictions is severely restricted when a petitioner has failed to present the particular claim in state court or when he fails to follow the applicable state procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); *Johnson v. Singletary*, 928 F.2d 1166, 1173 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992). Where the petitioner fails to present the claim in state court, he is barred from raising it in federal court unless he can show cause for the default and prejudice

3

resulting therefrom. *Teague*, 489 U.S. at 298. Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief, federal courts may not review the claim. *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); *Baldwin v. Johnson*, 152 F.3d 1304, 1314 (11th Cir. 1998); *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997). There are only two exceptions that allow this court to review the merits of a claim that has been procedurally defaulted. First, the petitioner must demonstrate both cause excusing the default and actual prejudice resulting from the bar. Second, in extraordinary cases, a federal court may grant the writ without a showing of cause and prejudice to correct "a fundamental miscarriage of justice." *Hill*, 81 F.3d at 1023. Under the latter exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Hill*, 81 F.3d at 1023, *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

The claims that the court failed to instruct the jury on second degree robbery and the court failed to require additional proof of his prior felonies, were raised in the state court proceedings as violations of state law and not as constitutional violations. (*See* Doc. 5, Ex. 2 (Brief) and Doc. 5, Ex. 5, pp. 21-22). Accordingly, they are precluded from review absent a showing of cause and prejudice or miscarriage of justice. The petitioner has not alleged and the record will not support a finding of either. Thus, the claims are barred from review.

### B. State Law Claims

The respondents next assert that the robbery instruction and the habitual offender conviction proof claims are state law challenges that are not reviewable by this court. Supreme

Court law is clear, "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984)." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).

To the extent that the petitioner premises his first claim, the failure to give the second degree robbery offense instruction, on state law, it is insufficient to support a claim for federal habeas corpus relief. Similarly, to the extent that the petitioner premises his second claim, the purported failure to prove that the prior convictions were felonies, on state law, it is insufficient.[3]

The respondents also assert that the first claim fails to state a claim cognizable under 28 U.S.C. § 2254(a). Once again, the law is clear. The Eleventh Circuit has stated that in a noncapital murder case, "the Constitution's Due Process Clause does not require a state court to instruct the jury on lesser included offenses." *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir. 1987), *citing Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980).[4] "[E]ven if it was error in this case for the state trial judge to fail to so instruct the jury, that failure does not violate the Due Process Clause." *Perry*, 810 F.2d at 1080.

### C. Ineffective Assistance of Counsel

The petitioner asserts that his counsel was ineffective in numerous ways at trial. (Doc. 1). Specifically, he asserts that counsel (1) failed to object to the jury not being sworn before voir

---

[3] To the extent that petitioner appears to assert that these convictions are not felonies under Alabama law, he is incorrect. They are in fact felonies. (*See* ALA. CODE § 13A-8-11 (Unauthorized use of a vehicle and breaking and entering a vehicle); 13A-8-40 to 43 (Armed robbery), and 13A-7-5 to 7 (Burglary), 13A-7-8 (Possession of burglary tools)).

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

dire, (2) failed to request an instruction on intoxication, and (3) failed to object to the documents the state offered at sentencing to establish his prior convictions. On the last prong, the petitioner asserts that the documents failed to show that he was represented by counsel or waived his right to counsel and that were insufficient under state law. (*See* ALA. CODE § 13A-5-10.1). The respondents retort that the claims are without merit as determined by the state courts.

### 1. Review Under AEDPA

Because the petitioner filed his petition after the enactment of the Anti-Terrorism Effective Death Penalty Act of 1996 ("AEDPA"), its provisions are applicable to his claims. *Lindh v. Murphy*, 531 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA amends 28 U.S.C. § 2254(d) by establishing a more deferential standard for reviewing state court adjudications. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). *See also Fugate v. Turpin*, 8 F. Supp. 2d 1383 (M.D. Ga. 1998). The amendments to subsection (d) provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). AEDPA prohibits "federal courts from granting habeas relief for claims previously adjudicated by state courts, unless the state court adjudication was contrary to or

represented an unreasonable application of 'clearly established' federal law at the relevant time as determined by the Supreme Court of the United States" or was an unreasonable determination of the facts in view of the evidence presented in the State court. *Neelley v. Nagle*, 138 F.3d 917, 922 (11th Cir. 1998), *cert. denied*, 525 U.S. 1075 (1999). In *Williams*, the Supreme Court stated the standard as follows:

> . . . § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 120 S. Ct. at 1523. The Eleventh Circuit Court of Appeals recently stated:

> A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 120 S. Ct. at 1520. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, ___ U.S. ___, 122 S. Ct. 357, 151 L. Ed. 2d 270 (2001); *accord Breedlove v. Moore*, 279 F.3d 952, 2002 WL 63184, *8 (11th Cir. 2002).

Relief under the second section of § 2254 is not permitted unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2). Additionally, factual determinations made by the state court are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. Specifically, AEDPA provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Concerning the petitioner's claim of ineffective assistance of counsel, the Eleventh Circuit has recently stated:

> "'To succeed on a claim of ineffective assistance, [the] Petitioner must show both incompetence and prejudice: (1) "[P]etitioner must show that 'counsel's representation fell below an objective standard of reasonableness,'" and (2) "[P]etitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct. 2464, 2473, 91 L. Ed. 2d 144 (1986); *accord Williams v. Taylor*, --- U.S. ----, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000). *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000).
>
> ....
>
> The standard for counsel's performance is "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984); *accord Williams v. Taylor*, --- U.S. ----, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (most recent decision reaffirming that merits of ineffective assistance claim are squarely governed by *Strickland*). The purpose of ineffectiveness review is not to grade counsel's performance. *See Strickland*, 104 S. Ct. at 2065; *see also White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992) ("We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.").

We recognize that "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Strickland*, 104 S. Ct. at 2067. Different lawyers have different gifts; this fact, as well as differing circumstances from case to case, means the range of what might be a reasonable approach at trial must be broad. To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled."[5] *Burger v. Kemp*, 483 U.S. 776, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987).

The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *See Strickland*, 104 S. Ct. at 2064; *see also Williams*, 120 S. Ct. at 1511 ("[D]efendant must show that counsel's representation fell below an objective standard of reasonableness.)(internal citations and quotations omitted). The petitioner must establish that particular and identified acts or omissions of counsel "were outside the wide range of professionally competent assistance." *Burger*, 107 S. Ct. at 3126; *see also Strickland*, 104 S. Ct. at 2064-65 (stating that petitioner must show "counsel's representation fell below an objective standard of reasonableness"-- that is, that counsel's performance was unreasonable "under prevailing professional norms . . . considering all of the circumstances").

. . . .

The reasonableness of a counsel's performance is an objective inquiry. [footnote omitted].

*Chandler v. United States*, 218 F.3d 1305, 1313-15 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204, 121 S. Ct. 1217, 149 L. Ed. 2d 129 (2001).

### 2. Factual Background

To properly evaluate the petitioner's allegations, it is necessary to put the same in context. The evidence adduced at trial established that at about noon to 12:30 p.m. on July 11, 1994, Mike Patel, the owner of a local market store refused to allow the petitioner, who was known to him, to

---

[5] "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what they did was within the 'wide range of reasonable professional assistance.'" *Waters*, 46 F.3d at 1518 (en banc) (citations omitted).

purchase wine on credit. The petitioner left the store, only to return around 4:00 p.m. on the same day. He grabbed the wine, held a knife to the victim's neck, and demanded money. After initially refusing, he opened the register. The petitioner grabbed the money and forced the victim out of the store. Once outside, the petitioner released the victim and ran off. Much of the incident was captured on the store's video security camera. The victim called the police and the petitioner was ultimately arrested. The victim identified him as the robber in a photographic line-up. After being advised of his rights, the petitioner stated that the still photos of the robber in the store looked like him, but he did not remember doing the crime. (Doc. 5, Ex. 1, p. 74). The petitioner did not take the stand or offer any evidence.

### 3. The Various Challenges

#### a. Voir Dire

The petitioner asserts that trial was ineffective in failing to challenge the fact that the jury was not sworn before the voir dire was conducted. In addressing this claim, the Court of Criminal Appeals found that there was "nothing to indicate how he [(the petitioner)] was prejudiced under these circumstances." (Doc. 5, Ex. 6, p. 2). This court agrees. Because the petitioner cannot establish any prejudice, as is required by the second prong under *Strickland*, this claim must be denied.

#### b. Failure to Request an Instruction on Intoxication

The petitioner claims trial counsel was ineffective in failing to request a charge on intoxication. The Court of Criminal Appeals stated that the petitioner "presented no facts indicating that he was so intoxicated during the commission of the robbery that he would be entitled to an intoxication instruction and that, had it been given, it would have resulted in a

10

different outcome at trial." (Doc. 5, Ex. 6, p. 2).

As noted above, the standards for reviewing the petitioner's claims are quite differential. In this case, the cross-examination evidences that the defense was that the proprietor was mistaken in his identification of the petitioner as the robber. Considering the evidence, an eyewitness identification and a video, counsel did an effective job during cross-examination. To have requested an instruction on intoxication would be inconsistent with the proffered defense and was not supported by the evidence. Although the testimony indicated that the petitioner smelled of wine when he was at the store at noon and when he committed the robbery and that he was, according to the proprietor, "almost drunk" when he came in at noon, that is insufficient to warrant an instruction on intoxication. (Doc. 5, Ex. 1, Tr. at 20-21, 37). Under the circumstances, the court cannot find that the determination of the Court of Criminal Appeals on this issue is erroneous under the standards outlined above.

### c.  Prior Felony Convictions

The final claim of ineffective assistance is that counsel failed to object to the documents presented by the State to demonstrate his prior convictions. Specifically, he states that they fail to show that he was represented by counsel or waived this right and that they are not properly authenticated. The Court of Criminal Appeals found that "[t]he documents, on their face, indicate that Eford had counsel appointed to represent him and that he was convicted and sentenced for felony offenses. Eford has presented no facts to dispute the facts contained in these documents." (Doc. 5, Ex. 6, p. 3).

The evidence at sentencing demonstrated that the petitioner was convicted April 26, 1991, on the charge of receiving, possessing, and selling a stolen vehicle and sentenced to three

years custody. (Doc. 5, Ex. 1, p. 39). Counsel was appointed to represent the petitioner on this charge. (*Id.* at 42). He was convicted on January 6, 1986, on the charge of armed robbery and sentenced to six years custody. (*Id.* at 46). Counsel was appointed to represent him, but withdrew when other counsel appeared on the petitioner's behalf. (*Id.* at 49). He was also convicted on April 26, 1991, of burglary and possession of burglary tools and sentenced to three years custody. (*Id.* at 53). He was appointed counsel on these charges as well. (*Id.* at 56). The petitioner has offered nothing to dispute these documents. Thus, this claim is due to be dismissed.

The petitioner also asserts that the documentary evidence of the convictions does not meet the requirements of Alabama Code § 13A-5-10.1.[6] A review of the documents demonstrates that they are certified copies of court records. (*See* Doc. 5, Ex. 1, pp. 39, 46 & 53). The petitioner has offered nothing to dispute this. Thus, the petitioner was properly sentenced and counsel was not ineffective in failing to object to the certified copies of the prior convictions. Thus, the petitioner is not entitled to any relief.

---

[6] § 13A-5-10.1. Habitual felony offenders – Proof; certified copies of case action summary sheets, docket sheets, etc.

(a) Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.

(b) If the trial court determines that the defendant would be prejudiced by the admission of the documents described in subsection (a), the court may admit into evidence and inform the jury of the fact of the conviction but not allow the jury to view the prejudicial documents.

(c) If the document described in subsection (a) indicates that the defendant was represented by an attorney, it is presumed that the attorney was present in court with the defendant at all critical stages of the proceeding.

CODE OF ALABAMA § 13A-5-10.1.

## III. CONCLUSION

In view of the foregoing, the court finds that the petition for a writ of habeas corpus is due to be denied and dismissed with prejudice.

**DONE**, this the 19th day of April, 2002.

H. DEAN BUTTRAM, JR.
United States District Judge